

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| JOHN "TRACY" JOSEY, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | No. 4:15-CV-618-A |
| | § | (Consolidated with |
| LORIE DAVIS, Director, | § | No. 4:16-CV-257-A) |
| Texas Department of Criminal | § | |
| Justice, Correctional | § | |
| Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM OPINION
## and
## ORDER

This is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by petitioner, John "Tracy" Josey, a state prisoner incarcerated in the Correctional Institutions Division of the Texas Department of Criminal Justice (TDCJ) against Lorie Davis, Director of TDCJ, respondent. After having considered the pleadings, state court records, and relief sought by petitioner, the court has concluded that the petition should be dismissed as time-barred.

### I.  Factual and Procedural History

Petitioner has criminal convictions in Travis, Bell, Ochiltree, Milam, and Wise Counties, Texas. He has filed numerous federal habeas petitions challenging one or more of his

convictions. By way of the instant petition, he challenges his Wise County conviction for the felony offense of evading arrest with a deadly weapon with a prior conviction for evading arrest. (No. 4:15-CV-618, Pet. 2, ECF No. 1; No. 4:16-CV-257-A, Pet. 2, ECF No. 1.) On September 14, 2011, a jury found petitioner guilty of the offense, true to the enhancement allegations in the indictment, and assessed his punishment at 99 years' confinement. (Clerk's R. 115, ECF No. 23-18.) Petitioner appealed his conviction and sentence, but the Second District Court of Appeals of Texas affirmed the trial court's judgment without briefs and, on October 24, 2013, denied his motion for rehearing. (Docket Sheet 1, ECF No. 23-2.) Petitioner did not file a timely petition for discretionary review. (Notice, ECF No. 23-20.)

Petitioner filed one relevant state habeas application challenging his conviction and sentence on June 28, 2014,[1] which was dismissed on November 19, 2014, for noncompliance with rule 73.1 of the Texas Rules of Appellate Procedure. (Resp't's Answer 4, ECF No. 14; State Writ WR-57,173-17, Action Taken, ECF No. 13-

---

[1]Petitioner's state habeas application is deemed filed when placed in the prison mailing system. *Richards v. Thaler*, 710 F.3d 573, 578-79 (5th Cir. 2013). The application does not provide the date petitioner placed the document in the prison mailing system, however the "Inmate's Declaration" on page 17 of the application reflects the date the application was signed by petitioner. For purposes of this opinion, petitioner's state habeas application is deemed filed on that date.

2

7.) Petitioner has filed two relevant prior federal habeas petitions challenging his 2011 conviction and sentence.[2] The first two challenged the 2011 conviction and sentence and were dismissed for failure to exhaust his state court remedies. The instant federal petitions were filed on August 7, 2015, and March 29, 2016, respectively.[3]

## II.  Statute of Limitations

Respondent contends the petitions are untimely. Title 28, United States Code, § 2244(d) imposes a one-year statute of limitations on federal petitions for writ of habeas corpus filed by state prisoners. Section 2244(d) provides:

> (1)  A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitations period shall run from the latest of—

---

[2]Similarly, petitioner's federal habeas petitions are deemed filed when placed in the prison mailing system. *Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998).

[3]The court notes that petitioner filed a third federal habeas petition on November 23, 2014, in this court raising a "recusal challenge" to state court orders dated "11-30-2012, 6-24-2013, [and] 7-18-2013," denying his request for recusal of appellate-court justices in his appeal. The petition was dismissed on October 1, 2015, for failure to state a claim upon which relief may be granted. Pet. 2, Josey v. Stephens, Civil Action No. 4:14-CV-954-Y, ECF No. 1 & Op. and Order, ECF No. 33. Because petitioner expressly stated that the petition raised a "recusal challenge" and he specified the dates of particular orders that he challenged therein, the petition is not considered relevant to the discussion in this case. Even if it were considered relevant, a prior federal habeas petition does not toll the limitations period by statute, *see infra. Grooms v. Johnson*, 208 F.3d 488, 489 (5th Cir. 1999).

3

>    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>    (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitations under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

Because petitioner's claims involve matters relevant to his conviction and sentence, subsection (A) is applicable to this case. Under subsection (A), the limitations period began to run on the date on which the judgment of conviction became final by the expiration of the time for seeking direct review. For purposes of this provision, petitioner's conviction became final and the one-year limitations period began to run upon expiration

4

of the time that he had for filing a timely petition for discretionary review in the Texas Court of Criminal Appeals on Monday, November 25, 2013,[4] and closed one year later on November 25, 2014, absent any tolling. *See* Tex. R. App. P. 68.2(a); *Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003).

Tolling of the limitations period may be appropriate under the statutory-tolling provision in § 2244(d)(2) and/or as a matter equity. Contrary to Petitioner's assertion, his state habeas application filed before expiration of the limitations period but non-complying with the state's form requirements does not operate to toll the running of the federal period for purposes of § 2244(d)(2). *Artuz v. Bennett*, 531 U.S. 4, 8-9 (2000); *Villegas v. Johnson*, 184 F.3d 467, 470 (5th Cir. 1999); *Davis v. Quarterman*, No. 4:07-CV-203-A, 2008 WL 2002936, at *2 (N.D.Tex. May 8, 2008), *aff'd,* 342 Fed. App'x 952, 2009 WL 2710057 (5th Cir. 2009), *cert. denied,* 559 U.S. 1046 (2010). Nor has petitioner demonstrated that tolling as a matter of equity is justified.

Equitable tolling is permitted only in rare and exceptional circumstances when an extraordinary factor beyond a petitioner's

---

[4] November 23, 2013, was a Saturday; thus, petitioner would have had until Monday, November 25, 2014, to file a petition for discretionary review.

control prevents him from filing in a timely manner or he can make a convincing showing that he is actually innocent of the crime for which he was convicted. *McQuiggin v. Perkins*, -U.S. -, 133 S. Ct. 1924, 1928 (2013); *Holland v. Florida*, 560 U.S. 631, 649 (2010). In an apparent attempt to trigger subsection (B) of § 2244(d)(1) and/or justify equitable tolling, petitioner asserts he has used due diligence in seeking post-conviction relief, however on September 21, 2012, he was bench-warranted from his assigned unit to the Bell County jail and was not returned to prison until February 26, 2014. During that time, he asserts he attempted but was prevented by prison mail personnel, who held his appellate brief while awaiting withdrawal of funds from his inmate account, from filing a timely brief on appeal. In short, he asserts governmental interference rendered procedural compliance in the state courts impracticable. (No. 4:16-CV-257-A, Pet. 7, ECF No. 1.) However, it is well established that a prisoner's pro se status, lack of legal training, ignorance of the law, and unfamiliarity with the legal process are insufficient reasons to equitably toll the statute of limitations. *See Felder v. Johnson*, 204 F.3d 168, 171-172 (5th Cir. 2000); *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir.

6

1999)). Transfers between prison units is also a common problem among inmates who are trying to pursue postconviction habeas relief and does not warrant equitable tolling. *See Scott v. Stephens*, No. 4:13-CV-384-A, 2013 WL 3870648204, at *3 (N.D.Tex. July 25, 2013).

Nor has petitioner asserted a convincing claim of actual innocence of the offense for which he stands convicted. A federal habeas petitioner attempting to overcome the expiration of the AEDPA statute of limitations by actual innocence must support his allegations with new, reliable evidence that was not presented at trial and must show that it is more likely than not that, in light of the new evidence, no reasonable juror would have voted to find him guilty beyond a reasonable doubt. *McQuiggin*, 133 S. Ct. at 1933; *Schlup v. Delo*, 513 U.S. 298, 326 (1995). Petitioner makes no such showing.

Petitioner fails to invoke subsections (B), (C) or (D) or statutory tolling under § 2244(d)(2). He also fails to show that he pursued his rights with reasonable diligence but was prevented from filing a timely petition by extraordinary circumstances or that he is actually innocent for purposes of equitable tolling. Therefore, Petitioner's federal petition was due on or November

7

25, 2014. His petitions, filed on August 7, 2015, and March 29, 2016, are therefore untimely.

For the reasons discussed herein,

It is ORDERED that petitions of petitioner for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be, and are hereby, dismissed as time-barred. It is further ORDERED that a certificate of appealability be, and is hereby, denied.

SIGNED October 11, 2016.

_____
JOHN MCBRYDE
UNITED STATES DISTRICT JUDGE